CHOUTEAU AUTO MART, INC., et al., Respondent–Appellant,

v.

FIRST BANK OF MISSOURI, Appellant–Respondent.

Nos. WD 60926, WD 60974.

Missouri Court of Appeals, Western District.

Nov. 19, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 24, 2002.

John R. Shank, Jr., Kansas City, MO, for appellant-respondent.

Vincent F. Igoe, Jr., Liberty, MO, for respondent-appellant.

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR., and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

First Bank of Missouri (the Bank) appeals the trial court's entry of summary judgment in favor of Chouteau Auto Mart (Chouteau) on Chouteau's Uniform Fiduciaries Law claim against the Bank for losses connected to defalcation by Chouteau's former bookkeeper. Chouteau cross-appeals the trial court's award of prejudgment interest from the date that Chouteau filed its amended petition, rather than the date that each check was deposited into the bookkeeper's personal account. For the reasons explained below, we affirm in part, reverse in part, and remand the case for additional proceedings consistent with this opinion.

### FACTUAL BACKGROUND

Janice Thompson kept the books for Chouteau. As an employee, officer, and fiduciary of Chouteau, she alone maintained the ledgers, checkbooks, and accounts receivable. She alone reviewed and reconciled Chouteau's bank statements and cancelled checks. By virtue of a 1990 depositor's agreement and signature card, Ms. Thompson had actual authority to write and sign checks on both of Chouteau's two corporate business accounts at the Bank. On many occasions she did so for legitimate purposes.

But in 1993, Ms. Thompson began stealing money from Chouteau. Using her authority to write and sign checks on Chouteau's corporate accounts, Ms. Thompson made several of those checks payable to the Bank. She then presented the checks to the Bank's tellers, along with deposit slips directing the funds to one of her own accounts at the Bank. The parties have stipulated that Ms. Thompson did not have authority to deposit any of those checks into her accounts and that she breached her fiduciary duty to Chouteau by so doing. The parties further agree that the Bank did not have actual knowledge that Ms. Thompson lacked authority to deposit Chouteau's funds into her own accounts and that the Bank did not have actual knowledge that Ms. Thompson was breaching her fiduciary duty to Chouteau.

What Ms. Thompson did with the embezzled funds remains a mystery; she invoked her Fifth Amendment right to remain silent.

Although Ms. Thompson's scheme continued over several years, the losses at issue in this case involve only checks written between July 26, 1993, and August 28,

1994. The losses over that period total $272,450, excluding interest.

## PROCEDURAL HISTORY

The original plaintiffs[1] sued the Bank on December 19, 1997. Their first amended petition included counts against the Bank for breach of the Uniform Fiduciaries Law (UFL), conversion, and money had and received, but omitted an earlier negligence count. The Bank moved for summary judgment on all of the claims set forth in the amended petition. The trial court granted partial summary judgment on the claims for conversion and for money had and received but denied summary judgment on the remaining claim under the UFL. None of the parties appealed that ruling.

The Bank and the plaintiffs eventually agreed to a stipulation of facts, clearing the way for both sides to file cross-motions for summary judgment on the UFL claim. The trial court granted the Bank's motion and denied plaintiffs' motion. Plaintiffs appealed. The Missouri Supreme Court affirmed the entry of summary judgment on all checks written on or after August 28, 1994. *Chouteau Auto Mart, Inc. v. First Bank of Mo.*, 55 S.W.3d 358, 362 (Mo. banc 2001). The court reversed and remanded as to all checks written before August 28, 1994, holding that the Bank is "subject to" those claims under the UCC. *Id.* at 361. The court so ruled based upon intervening amendments to certain UCC provisions governing the requisite level of knowledge required to establish the Bank's liability on a Uniform Fiduciaries Law (UFL) claim. *Id.* at 361–62.

Following remand, Chouteau moved for reconsideration of its summary judgment motion in light of the Missouri Supreme Court's ruling. The trial court thereafter entered summary judgment against the Bank on all checks written before August 28, 1994, awarding $272,450 in principal and $97,433.05 in interest. The trial court calculated the interest award from the date on which plaintiffs filed the first amended petition. The Bank appeals the entry of summary judgment on the pre-August 28, 1994, checks. Chouteau cross-appeals the determination of the prejudgment interest award.

The Bank raises eleven points on appeal. In its first point, the Bank contends that the trial court misconstrued the Missouri Supreme Court's ruling in *Chouteau* I to require the entry of summary judgment on all pre-August 28, 1994, claims, based upon the holding that the Bank was "subject to" such claims. The Bank reasons that the term "subject to" is not synonymous with the term "liable." The Bank therefore argues that *Chouteau* I did not preclude it from asserting various defenses to Chouteau's claims on remand.

Points two through seven then lay out the Bank's smorgasbord of defenses in this case: a failure-to-state-a-claim defense, two UCC-derived statutes of limitation defenses, an apparent authority defense, an equitable estoppel defense, and a proximate cause defense. The Bank maintains that these defenses preclude summary judgment in Chouteau's favor. Point eight addresses the trial court's failure to credit against the judgment amounts previously reimbursed by Ms. Thompson. The Bank argues that this results in a double recovery to Chouteau. Points nine and ten address the trial court's award of prejudgment interest. The Bank contends that Chouteau has no right to prejudgment in-

---

1. The case originally involved five plaintiffs, including Chouteau, and two defendants, including the Bank and Ms. Thompson. As noted, the current appeal involves only Chouteau and the Bank.

terest because it failed to make a proper demand for payment. The eleventh and final point relates to the trial court's failure to allow the Bank additional time to re-depose Ms. Thompson before ruling on Chouteau's summary judgment motion.

Chouteau raises one point on cross-appeal, arguing that the trial court should have awarded prejudgment interest from the date that the checks were deposited.

## STANDARD OF REVIEW

Our review of the summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Accordingly, we need not defer to the trial court's order granting summary judgment. *Id.* We "review the record in the light most favorable to the party against whom judgment was entered." *Id.* We "accord the non-movant the benefit of all reasonable inferences from the record." *Id.*

## LEGAL ANALYSIS OF THE BANK'S APPEAL

### The Law of the Case Doctrine

Chouteau submits that we need not address the Bank's points on appeal because the law of the case doctrine precludes the Bank from raising those points here. With one exception, we disagree. The Missouri Supreme Court recently articulated the law of the case doctrine. It said:

The doctrine of the law of the case governs successive appeals involving substantially the same issues and facts, and applies appellate decisions to later proceedings in that case. A previous holding is the law of the case, precluding relitigation of issues on remand and subsequent appeal. The decision of a court is the law of the case for all points presented and decided, as well as all matters that arose before the first adjudication and might have been raised but were not. According to the law of the

case doctrine, failure to raise points in a prior appeal means that a court later hearing the case need not consider them. Appellate courts have discretion to consider an issue where there is a mistake, a manifest injustice, or an intervening change of law.

*Williams v. Kimes*, 25 S.W.3d 150, 153–54 (Mo. banc 2000) (internal quotation and citations omitted).

■ In this case, the only issue "presented and decided" on the first appeal was whether the Bank is "subject to" Chouteau's claims for the amount of checks paid before August 28, 1994. *Chouteau* I, 55 S.W.3d at 361. We agree with Chouteau that the law of the case doctrine precludes the Bank from re-arguing that Chouteau has failed to state a claim regarding those transactions. By deciding that the Bank is subject to Chouteau's claim as to all checks paid before August 28, 1994, the Missouri Supreme Court necessarily decided that Chouteau has stated a claim as to those transactions.

But we disagree with Chouteau that the law of the case doctrine precludes consideration of the Bank's other properly-pled defenses. To understand why this is so, we turn to the framework governing summary judgment in Missouri. Within that framework, the trial court shall enter summary judgment only if the motion and "response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c)(3). The moving party's entitlement to a judgment as a matter of law revolves to a great extent around whether that party is the claimant or the defending party. *ITT*, 854 S.W.2d at 381. "A claimant is one who 'seeks to recover,' without regard to whether recovery is sought by claim, counterclaim, cross-claim or declara-

tory judgment." *Id.* at 380 (quoting Rule 74.04(a)). By contrast, a " 'defending party' is one against whom recovery is sought." *Id.* (quoting Rule 74.04(b)).

■ When the claimant is the moving party, it must establish not just a lack of genuine dispute regarding those material facts upon which it would have had the burden of persuasion at trial. *Id.* at 381. The moving claimant also must establish that the non-moving defending party's affirmative defense fail as a matter of law. *Id.* The moving claimant "may defeat an affirmative defense by establishing that *any one* of the facts necessary to support the defense is absent." 854 S.W.2d at 381. Conversely, the non-moving defending party has no obligation to raise or prove its properly-pled affirmative defenses to avoid the claimant's motion for summary judgment. "At this stage of the proceeding, the analysis centers on Rule 74.04(c); it is irrelevant what the non-movant has or has not said or done." *Id.*

■ Applying these principles to the case before us, we find the law of the case doctrine inapplicable to the Bank's other properly-pled defenses. Following remand in *Chouteau* I, the Bank was the non-moving defending party because it opposed Chouteau's motion to reconsider Chouteau's second motion for summary judgment. As the non-moving defending party in that situation, the Bank simply did not have the burden of raising, let alone proving, each of its affirmative defenses to avoid the entry of summary judgment. On the contrary, Chouteau had the burden of establishing that the Bank's properly-pled affirmative defenses failed as a matter of law. Based upon our review of the record, Chouteau failed to meet its burden. It did not negate any of the Bank's affirmative defenses in its motion. Chouteau cannot use the law of the case doctrine to relieve it of the burden that falls to it alone as the moving claimant seeking judgment as a matter of law.

Because Chouteau failed to demonstrate its entitlement to summary judgment, we must remand this case to the trial court for additional proceedings. Given our holding that the law of the case doctrine bars further consideration of the Bank's failure-to-state-a-claim defense, the trial court shall not consider that defense upon remand. However, the trial court may consider all other properly-pled defenses before it. Having determined that Chouteau was not entitled to summary judgment, we need not reach points eight (seeking credit or set-off for money reimbursed by Ms. Thompson), nine (challenging the prejudgment interest award), and ten (challenging the prejudgment interest award) of the Bank's appeal. For the same reason, we need not address Chouteau's cross-appeal regarding the calculation of prejudgment interest.

One additional point remains before us, however: the Bank's eleventh point, challenging the trial court's decision not to permit the Bank additional time to re-depose Ms. Thompson following the Missouri Supreme Court's remand in *Chouteau* I. As even Chouteau acknowledges, this issue arose following the remand. Accordingly, we now address this point.

**The Trial Court's Denial of Time to Re–Depose Ms. Thompson**

■ The trial court has discretion to grant or deny additional time to depose a witness before ruling on a pending summary judgment motion. *See State ex rel. Thomas v. Olvera,* 987 S.W.2d 373, 376 (Mo.App. W.D.1999). Rule 74.04 sets out the procedure for requesting a continuance. Rule 74.04(c)(2) provides in pertinent part:

> If the party opposing a motion for summary judgment has not had sufficient

time to conduct discovery on the issues to be decided in the motion for summary judgment, such party shall file an affidavit describing the additional discovery needed in order to respond to the motion for summary judgment and the efforts previously made to obtain such discovery. For good cause shown, the court may continue the motion for summary judgment for a reasonable time to allow the party to complete such discovery.

Rule 74.04(f) allows the trial court to postpone any ruling on a pending summary judgment to accommodate the taking of depositions. It provides:

Should it appear from the affidavits of a party opposing the motion that for reasons stated in the affidavits facts essential to justify opposition to the motion cannot be presented in the affidavits, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

To justify a continuance in this context, the Bank's affidavit had to do more than just assert that "further discovery might provide the necessary evidence." *Olvera,* 987 S.W.2d at 376. It had to "set out what evidence supporting the existence of a factual dispute would be adduced by such deposition." *Binkley v. Palmer,* 10 S.W.3d 166, 173 (Mo.App. E.D.1999). "Absent a showing that additional discovery would have shown the existence of any genuine issue of material fact, a trial court does not err or abuse its discretion in refusing a request for a continuance to permit discovery prior to ruling on a summary judgment motion." *Id.*

The Bank's affidavit did not meet this requirement. The affidavit merely stated the Bank's desire to depose Ms. Thompson; it failed to set forth any facts—disputed or otherwise—that it might glean from her deposition. Of course, given our disposition of this appeal, the Bank again may seek additional time for discovery upon remand. In any event, we find no error here. Point denied.

### CONCLUSION

The law of the case doctrine precludes consideration of the Bank's failure-to-state-a-claim defense but does not preclude consideration of otherwise properly-pled defenses. As the claimant moving for summary judgment, Chouteau had the burden to establish that any such properly-pled defenses fail as a matter of law. Based upon our review of the record, we find that Chouteau has not done so. We also find that the trial court did not abuse its discretion in denying the Bank additional time to re-depose Ms. Thompson. Accordingly, we affirm in part, reverse in part, and remand for additional proceedings consistent with this opinion.

HAROLD L. LOWENSTEIN, P.J., and JAMES M. SMART, JR., J. concur.